IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Corey Kenneth Jones, | ) | Case No. 1:24-cv-6867-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer Peeler, CPL Coleman, Officer Van-Vleet, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's amended complaint alleging violations of his civil rights. ECF No. 11. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On February 26, 2025, Defendants Van-Vleet and Peeler filed a motion to dismiss.[1] ECF No. 24. On March 26, 2025, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 32. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. ECF No. 34. Defendants Van-Vleet and Peeler filed a reply. ECF No. 35.

---

[1] Plaintiff also filed a motion for award of damages or, in the alternative for settlement conference. ECF No. 29. This will be addressed in the conclusion of this order.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates herein. The Magistrate Judge recommends dismissal for failure to exhaust administrative remedies. Plaintiff objects.

In his objections, Plaintiff argues that he is locked in his cell for 17 hours each day and that he does not have access to the kiosk required for filing a grievance. ECF No. 34 at 1. He states he made verbal grievances. *Id.* at 1–2. He also argues the merits of his case. *Id.* at 2–3. Upon de novo review, the Court overrules Plaintiff's objections and agrees with the Magistrate Judge's recommendation.

To the extent Plaintiff argues that the grievance procedure is unavailable, this argument fails. Plaintiff states that he is locked in his cell for 17 hours each day; however, this leaves seven hours available to him. As explained in more detail by the Magistrate Judge, Plaintiff did file some paperwork related to this event; however, it did not include any Defendant named here or allege a failure to protect claim.[2] *See* ECF No. 1-1. Moreover, as to any oral grievance, Plaintiff has not demonstrated that there is any process for filing an oral grievance. The Prisoner Litigation Reform Act requires that an inmate "properly" exhaust administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

For the foregoing reasons, Defendants Van-Vleet and Peeler's motion to dismiss [24] is **GRANTED** and this action is **DISMISSED** without prejudice for failure to exhaust administrative remedies. Plaintiff's motion for award of damages or, in the alternative for settlement conference [29] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 30, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

---

[2] Further, Defendants Van-Vleet and Peeler submitted an affidavit from the Administrative Lieutenant at the Spartanburg County Detention Center in which he avers that there is no record of any related grievance being filed by Plaintiff. ECF No. 24-2.

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.